UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS SPORTSERVICE, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1445,<br><br>Defendant. | Case No. _____ |

**COMPLAINT**

1. Plaintiff Massachusetts Sportservice, Inc. ("MS" or "Plaintiff") is a Massachusetts corporation with its principal place of business in Massachusetts.

2. Defendant United Food and Commercial Workers Union, Local 1445 ("1445" or "Defendant") is a labor organization which represents employees in Massachusetts.

3. This Court has jurisdiction over this action and venue is proper under the provisions of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, 28 U.S.C. § 1331, and 28 U.S.C. § 1391.

4. MS and Local 1445 are parties to a collective bargaining agreement ("CBA") providing for the arbitration of unresolved grievances arising under the CBA.

5. The parties submitted to Arbitrator Susan Brown a dispute involving whether the movement of the Bruins ProShop from the first floor of TD Garden/North Station to the second floor of TD Garden near the entrance to the TD Garden arena, while continuing the existing practice of selling retail goods to attendees at TD Garden events, violated the CBA.

6. Arbitrator Brown issued two awards which are attached as Exhibits A and B.

7. The awards violated the arbitrator's obligation under federal labor law to apply the parties' agreement and not to dispense her own brand of industrial justice, in at least the following ways:

1. Despite finding the that Local 1445 had knowledge for almost two years of all of the facts comprising what she found to be a violation of the CBA, she ruled that the grievance was timely under a provision of the CBA which required the filing of grievances within ten (10) calendar days of knowledge of the relevant facts.

2. Rejecting MS's position that the CBA's exclusive jurisdiction did not extend beyond the arena seating area, she found no language in the CBA addressing the issue, while not acknowledging the presence of language which identified the covered work locations as "the Concessions Operations, Legends Room, the Suites and the Press Room, in Banners, the Premium Club, Premium In-Seating, SportsDeck, Boardroom and Fan Zone."

3. While stating that she was ordering a "make whole" remedy as required by federal law, she proceeded to issue, in the absence of any evidence as to actual losses, a damage remedy that was without evidentiary support, was contrary to all of the evidence that there was no loss, and was devoid of common sense.

4. Failing to observe principles of due process.

8. Arbitrator Brown's award does not comply with federal labor law and must be vacated.

WHEREFORE, Plaintiff MS requests that this Court enter a judgment vacating the award and awarding plaintiff its costs and attorney's fees, and any further relief as the Court deems just and proper.

Respectfully submitted,

MASSACHUSETTS SPORTSERVICE, INC.

By its attorneys,

/s/  Arthur G. Telegen
Arthur G. Telegen (BBO No. 494140)
Emily J. Miller (BBO No. 705662)
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA  02210
Telephone: (617) 946-4800
atelegen@seyfarth.com
emmiller@seyafarth.com

**Dated:      February 22, 2021**